IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GREGORY RAYSHON SPANN,<br># 301315, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:19-CV-379-ECM-SMD |
| | ) | (WO) |
| MICHAEL STRICKLAND, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

This case is before the Court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed, through counsel, by Alabama inmate Gregory Rayshon Spann ("Spann") on May 31, 2019. (Doc. 1).[1]  Spann challenges his 2015 Henry County murder conviction and his resulting 40-year sentence.  He presents claims that his trial counsel rendered ineffective assistance and that the state courts did not afford him "proper post-conviction review." (Doc. 1) at 2-3.  Respondents answer that Spann's petition is time-barred under the federal limitation period, 28 U.S.C. § 2244(d). (Doc. 6) at 4–6.  The Court agrees that Spann's petition is untimely.  Consequently, it should be denied without an evidentiary hearing, and this case should be dismissed with prejudice.

---

[1] References to document numbers (Doc(s).) are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

## II.  DISCUSSION

### A.  AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act

("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.  Spann's State Court Proceedings**

On August 20, 2015, a Henry County jury found Spann guilty of murder, in violation of § 13A-6-2, Ala. Code 1975.  (Doc. 6-1) at 87.  On September 4, 2015, the trial court sentenced Spann to 40 years in prison.  (Doc. 6-1) at 108.

Spann appealed, and on October 21, 2016, the Alabama Court of Criminal Appeals affirmed his conviction and sentence by memorandum opinion.  (Doc. 6-12).  Spann applied for rehearing, which was overruled on November 10, 2016.  (Docs. 6-13, 6-14).  Spann then filed a petition for writ of certiorari in the Alabama Supreme Court, which denied the petition on January 13, 2017.  (Docs. 6-15, 6-16.)  A certificate of judgment was entered that same date.  (Doc. 6-17).

On November 5, 2017, Spann filed *a pro se* petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.  (Doc. 6-18) at 9.  The trial court denied the Rule 32 petition on January 24, 2018, and Spann appealed.  (Doc. 6-18) at 143.  In a memorandum opinion issued on August 31, 2018, the Alabama Court of Criminal Appeals affirmed the trial court's judgment denying Spann's Rule 32 petition.  (Doc. 6-21).  Spann applied for rehearing, which was overruled on September 21, 2018.  (Docs. 6-22, 6-24).  He then filed a petition for writ of certiorari in the Alabama Supreme Court, which denied the petition on November 9, 2018.  (Docs. 6-25, 6-26).  A certificate of judgment was entered that same date.  (Doc. 6-27.)

**C.  Analysis of Timeliness of Spann's § 2254 Petition**

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period for filing a § 2254 petition runs from the date on which the state court judgment becomes final, either

"by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).  Because Spann filed a petition for writ of certiorari with the Alabama Supreme Court on direct review but did not seek certiorari review in the United States Supreme Court after the state Supreme Court denied his petition for certiorari, his conviction became final on April 13, 2017, which was 90 days after the state Supreme Court's January 13, 2017, denial of his petition for certiorari and the issuance of a certificate of judgment.  *See Wade v. Battle*, 379 F.3d 1254, 1256 (11th Cir. 2004); *Jackson v. Sec'y for Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002).  Therefore, Spann had until April 13, 2018—absent any statutory or equitable tolling—to file a timely § 2254 petition.

### 1. Statutory Tolling

As noted above, Spann filed a Rule 32 petition in the trial court November 5, 2017. Under 28 U.S.C. § 2244(d)(2), that filing tolled AEDPA's one-year limitation period for Spann to file a § 2254 petition.  *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001); *Moore v. Crosby*, 182 F. App'x 941 (11th Cir. 2006). On November 5, 2017 (when Spann filed his Rule 32 petition), AEDPA's limitation period had run for 206 days (i.e., from April 13, 2017, to November 5, 2017).

The state court proceedings related to Spann's Rule 32 petition concluded on November 9, 2018, when a certificate of judgment was entered in the appellate proceedings

on the Rule 32 petition.  *See Moore*, 182 F. App'x at 941.  On that date, Spann had 159 (i.e., 365 - 206) days remaining within which to file a timely federal habeas petition.  The federal limitation period ran unabated for those remaining 159 days, expiring on April 17, 2019.  Spann, through counsel, filed this § 2254 petition on May 31, 2019—44 days after expiration of the limitation period as calculated under § 2244(d)(1)(A).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) to (D) do not provide safe harbor for Spann by affording a different triggering date such that AEDPA's limitation period commenced on some date later than April 13, 2017, or (counting tolling under § 2254(d)(2)) expired on some date later than April 17, 2019.  There is no evidence that an unlawful state action impeded Spann from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Spann submits no ground for relief with a factual predicate not discoverable earlier with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(D).  Spann also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See* 28 U.S.C. § 2244(d)(1)(C).

### 2. *Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  Equitable tolling is an extraordinary remedy applied only sparingly. *Logreira v. Sec'y Dep't of Corr.*, 161 F. App'x 902, 903 (11th Cir. 2006).  A petitioner is entitled to equitable tolling "only

if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

This court afforded Spann an opportunity to show cause why his § 2254 should not be dismissed as time-barred. (Doc. 7). Spann's habeas counsel filed a response stating, "Petitioner Gregory Rayshon Spann hereby shows the Court that he has no response to make on the issue of timeliness of the filing of his petition." (Doc. 13). Spann therefore fails to meet his burden of proving circumstances that would justify equitable tolling in his case.

Because Spann failed to file his § 2254 petition within AEDPA's one-year limitation period and has shown no basis for equitable tolling, his petition is time-barred and his claims are not subject to further review.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further ORDERED that the parties shall file any objections to this Recommendation **or before September 18, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made;

frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982); 11th Cir. R. 3-1; *Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).

DONE this 4th day of September, 2019.


/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE